IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raoul McKinney, ) | |
| ) | C/A No. 9:04-1971-MBS-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Greenville County, James Dorriety, and ) | |
| Pay Tel Communications, Inc., ) | |
| ) | |
| Defendants. ) | |

At the time of the underlying events, Plaintiff Raoul McKinney was a pretrial detainee housed at the Greenville County Detention Center (GCDC) in Greenville, South Carolina. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by a policy concerning outgoing telephone calls made by detainees at GCDC.

This matter is before the court on Defendants Greenville County and Dorriety's motion for summary judgment filed September 13, 2004. By order filed September 17, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. This matter also is before the court on Defendant Pay Tel's motion for summary judgment filed September 23, 2004. A second Roseboro order was filed on September 28, 2004. Plaintiff filed an Affidavit on October 21, 2004 and motion for summary judgment on December 23, 2004.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. On May 25, 2005, the Magistrate Judge filed a Report and Recommendation in which he recommended that Defendants' motions for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

He further recommended that the case be deemed a "strike" for purposes of 28 U.S.C. § 1915(g). Plaintiff has filed no response to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Accordingly, Defendants' motions for summary judgment are **granted**. Plaintiff's motion for summary judgment is **denied**. For the reasons set forth in the Report and Recommendation, the case shall be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

June 23, 2005
Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**